IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Steven Dewayne Otts, ) | C/A No. 8:16-cv-2830-TMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Saluda County Sheriff's Department, Saluda) | |
| County Clerk of Court Office, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, proceeding *pro se*, brings this civil action alleging claims pursuant to 42 U.S.C. § 1983 and the Freedom of Information Act ("FOIA") (doc. 1). The plaintiff is a state prisoner incarcerated by the South Carolina Department of Corrections, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint is subject to summary dismissal.

## BACKGROUND

The plaintiff alleges that he sent FOIA requests to Defendants Saluda County Sheriff's Department ("the Sheriff's Department") and Saluda County Clerk of Court's Office ("the Clerk's Office") on June 15, 2016 (doc. 1 at 4). Doris B. Holmes responded on behalf of the Clerk's Office and told the plaintiff that they did not have the requested information (*id.* at 4–5). The plaintiff contends that the Sheriff's Department has never responded to his request (*id.* a 5). The plaintiff states that he sent a second set of FOIA requests to the defendants on July 12, 2016 (*id.*). The plaintiff asserts that neither defendant responded within the statutory deadline (*id.* at 6).

The plaintiff contends that the defendants' failure to respond amounts to

gross negligence (*id.*). He asserts that the defendants discriminated against him because he is a prisoner (*id.* at 7). The plaintiff requests a declaration that the defendants' actions have violated his constitutional rights, an injunction directing the defendants to release the requested information, payment of filing fees and attorneys' fees, $50,000 from each defendant in compensatory damages, and $50,000 from each defendant in punitive damages (*id.* at 8).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

### *1983 Claims*

42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the Court must liberally construe the *pro se* complaint and the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

The plaintiff's § 1983 claims should be dismissed because he does not allege that a right secured by the Constitution or law of the United States was violated by a person acting under the color of state law. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Here, the complaint makes clear that, while the plaintiff does reference specific members of the Sheriff's Department and the Clerk's Office, he intends to name the whole office and department as defendants (*see* doc. 1 at 2, 4, 6 (identifying the defendants as government entities)). Sheriff's departments and police departments, as well as groups of people, usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center, as a building, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1133 (S.D.

4

Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Jarvis v. Chasanow*, C/A No. AW-11-627, 2011 WL 9374766, at *1 (D. Md. Mar. 15, 2011), *aff'd*, 448 F. App'x 406 (4th Cir. 2011) ("The United States District Court Clerk's Office is not a 'person' within the meaning of 42 U.S.C. § 1983."). Accordingly, the Clerk's Office and the Sheriff's Department are not subject to suit under § 1983.

Moreover, with respect to the plaintiff's § 1983 claims against the Sheriff's Department, the plaintiff seeks money damages from a defendant that has Eleventh Amendment immunity. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Gulledge v. Smart*, 691 F. Supp. 947, 954-–55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville Cty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As an agency of the state, the Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort Cty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). Thus, the claims against the Sheriff's Department should be dismissed on this ground as well.

### *FOIA Claims*

With respect to the plaintiff's claims that the defendants violated FOIA, the plaintiff lacks jurisdiction here to bring these claims. Federal courts are courts of limited

jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Here, the plaintiff does not allege a violation of the United States Constitution or any federal law regarding his FOIA requests.[1] It is apparent that the plaintiff seeks to bring a claim against the defendants for a violation of the South Carolina FOIA

---

[1] The plaintiff does not seem to allege a claim pursuant to the federal FOIA. If he is trying to do so, the federal FOIA applies only to federal agencies, not to these defendants. *See* 5 U.S.C. § 552.

statute, which is a state law claim.  *See* S.C. Code Ann. § 30-4-10, *et seq.*

A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied.  *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See id.*; 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant.  *Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  Here, it appears that the plaintiff and the defendants are domiciled in South Carolina, so this Court has no diversity jurisdiction over this action.

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

                                           s/Kevin F. McDonald

September 28, 2016                          Kevin F. McDonald
Greenville, South Carolina               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).